IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

RAYMOND FRIAS SANTIAGO

    Debtor

CASE NO.  19-05730 (ESL)

CHAPTER 12

OPINION AND ORDER

This case came before the court on October 20, 2020 to consider the pending contested matters.  The court granted debtor's counsel's motion to withdraw legal representation and the application for compensation but held under advisement the motion for sanctions filed by the Puerto Rico Land Administration. The court stated that the decision would rest on three main factors, that is, the allegations in the pleadings, the travel of the case and the effect of dismissal pursuant to 11 U.S.C. § 349.

Background

The debtor filed the bankruptcy petition under chapter 12 of the Bankruptcy Code[1] on October 12, 2019. On October 17, 2019 the debtor filed a motion to assume lease with the Puerto Rico Land Administration ("PRLA"). The same was opposed on November 1, 2019 by the PRLA and a request for immediate surrender was prayed for. On December 2, 2019 the debtor moved the court to hold in abeyance pending matters until the court determined the request for assumption of the PRLA lease. The PRLA filed an opposition on the same date.

On November 15, 2019 the debtor filed an adversary proceeding against the PRLA, AP 19-0455, alleging violation of the automatic stay and requesting injunctive relief against the continuation of the eviction process.  Defendant moved for summary judgment, which was granted by the court and judgment dismissing the complaint was entered on February 26, 2020.

On December 5, 2019 the court denied debtor's request to hold in abeyance pending matters for the reasons stated in PRLA's opposition and also entered an order granting the PRLA's opposition to assume lease and request for immediate surrender of property. The court

---

[1] All references to the "Bankruptcy Code" are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C, §§ 101, *et seq.*

held that a debtor may not assume an expired lease and the property must be turned over forthwith to the owner/lessor. On the same day that the court order to surrender property was entered, the debtor moved for reconsideration. PRLA opposed the motion for reconsideration. On January 3, 2020 the court entered an order and notice scheduling the pending contested matters for a hearing to be held on May 12, 2020.

On March 11, 2020 the Chapter 12 trustee filed a motion to dismiss on the grounds that the debtor had failed to submit relevant information and that such failure constituted unreasonable delay prejudicial to creditors pursuant to 11 U.S.C. § 1208(c)(1). There was no opposition and an order dismissing the case was entered on April 21, 2020.

On the same date of the dismissal order, but prior to the entry of the order, the court granted the motion to vacate the May 12, 2020 hearing and for the immediate surrender of property filed by the PRLA on April 2, 2020.

On May 5, 2020 the PRLA filed the motion for sanctions which is pending before the court. The debtor, through counsel, filed an opposition on May 18, 2020. On June 2, 2020 the court entered an order and notice scheduling the matter for October 20, 2020. On July 1, 2020 the PRLA filed an emergency motion for contempt and for the entry of an order for the debtor to surrender the premises. On July 2, 2020 the court entered an order granting the same and stating that the Debtor shall forthwith surrender the property to the PRLA and that the PRLA may take whatever action it deems appropriate before the courts of Puerto Rico to evict the debtor. The court noted that the case had been dismissed on April 21, 2020.

The next day, that is, July 3, 2020 the PRLA filed a second emergency motion for contempt and for entry of order to surrender the property. The motion was granted on July 6, 2020. On July 17, 2020 the PRLA filed a third emergency motion for contempt. This time the court entered an order on July 20, 2020 denying the third motion for contempt without prejudice to presenting evidence of damages to award sanctions at the hearing scheduled for October 20, 2020. The court also reaffirmed its determinations in the prior order entered on July 2, 2020, wherein the court held that the PRLA may take whatever action it deems appropriate before the courts of Puerto Rico to evict the debtor, noting that the case had been dismissed on April 21, 2020.

On August 17, 2020 PRLA filed a motion for enforcement order and partial reconsideration of the July 20, 2020 order denying the third emergency motion. The PRLA moved the court on September 23, 2020 to grant the request for reconsideration as the same was

unopposed. The court held the request in abeyance until the hearing scheduled for October 20, 2020.

The above sequence of events shows that the court has granted repeatedly the requests by the PRLA to find that the expired lease may not be assumed by the debtor and that the property must be surrendered to the PRLA. Such orders are consonant with the provisions in 11 U.S.C. § 365. The court has also determined that the PRLA may take whatever action it deems appropriate before the Puerto Rico courts to evict the debtor. Directing the PRLA to go before the Puerto Rico courts is based on the dismissal of the case. Therefore, the court now proceeds to discuss the effect of a dismissal order pursuant to section 349 of the Bankruptcy Code.

Effect of Dismissal

Section 349 specifically governs the effect of dismissal. The main purpose of section 349 is to restore all property rights to the position they occupied at the beginning of the case, revesting all property in the entity in which such property was vested before the commencement of the case, as if the petition had never been filed. Feeney, Williamson, Stepan; Bankruptcy Law Manual, 5th Edition, §3:32, pages 725 – 730. The dismissal of a bankruptcy petition undoes the bankruptcy estate, In re Steenestra, 307 B.R. 732 (1st Cir BAP 2004), and aims to return to the prepetition financial status. Czyzewski v. Jevic Holding, Corp., 137 S. Ct. 973, 979 (2017). Thus, after a dismissal order is entered the jurisdiction of the court is limited.

In this case the court has entered the appropriate orders related to the expired lease and the surrender of the property. The court has also specifically directed the PRLA to take whatever action is necessary before the Puerto Rico courts. Such order agrees with the effect of a dismissal order. The fact that the state courts are not entertaining eviction cases due to the pandemic, as indicated by the PRLA in its motion for judicial notice filed on October 21, 2020, does not expand this court's discretion to process an eviction after a bankruptcy case has been dismissed.

Sanctions

On October 17, 2019 the debtor filed a motion to assume lease with the Puerto Rico Land Administration. The debtor refers to a lease contract subscribed on February 27, 2015 for a ten-year term, as amended on June 22, 2015 and March 18, 2018. The debtor discloses having incurred in arrears with the PRLA, resulting in an eviction proceeding, case number SJ2019 CV 09712. Debtor admits arrears as of petition date in the amount of $25,668.02, which will be cured through a chapter 12 plan. The lease contract, as amended, was attached as an exhibit.

On November 1, 2019 the PRLA filed an objection to the assumption of the lease and a request for the immediate surrender of property. The PRLA alleges that "in reality Debtor's Motion is nothing more than a disguised attempt to resuscitate an expired lease with the Puerto Rico Land Administration." PRLA alleges that the lease contract was terminated nine months prior to petition date. Thus, the debtor misrepresented that the lease contract terminates in February 2025. The PRLA correctly alleges that section 365(c) of the Bankruptcy Code provides that a lease validly terminated pre-petition cannot be assumed. Therefore, the property must be surrendered to the PRLA. The termination letters were attached to the motion.

On December 2, 2019 the debtor filed a motion to inform the start of negotiations to settle pending matters with the PRLA and requesting that the motion to assume lease and the opposition by the PRLA be held in abeyance for thirty (30) days. On the same date the PRLA filed an opposition alleging that debtor's motion is "misleading and an attempt to delay the resolution of an issue that depends on uncontested facts." The PRLA negates that the parties are engaged in negotiations. The PRLA reiterates that the property must be surrendered. The court notes that the PRLA refers to an "EXPIRED" lease, however, the lease had not expired pre-petition, it was terminated pre-petition. After considering the opposition filed by the PRLA, on December 5, 2019 the court denied the debtor's request to hold in abeyance the contested matter regarding the assumption of the lease and also entered an order granting the objection filed by the PRLA to the assumption of the lease motion. The court determined that the debtor may not assume an "expired" lease and that the property must be surrendered to the PRLA. The court clarifies and corrects that it mistakenly referred to an "expired" lease when actually the lease was "terminated."

On December 5, 2019 the debtor filed a motion for reconsideration rejecting the assertions made by counsel for the PRLA regarding the intent of engaging in settlement negotiations. Debtor's counsel detailed the basis for his contention. On December 6, 2019 the PRLA opposed the motion for reconsideration, referring to the inability to assume a lease validly terminated pre-petition, but again referring to an expired lease. The debtor sur-replied and the PRLA opposed the same. On January 3, 2020 the court scheduled the matter for a hearing to be held on May 12, 2020.

In the interim, the Chapter 12 trustee moved for dismissal on March 11, 2020. The case was dismissed on April 21, 2010.

On April 2, 2020 the PRLA moved the court to set aside the May 12, 2020 hearing and to order the immediate surrender of property. The motion was granted on April 21, 2020.

-4-

After the dismissal of the case, on May 5, 2020 the PRLA filed the motion for sanctions. In the introduction the motions states:

> The instant Motion is filed pursuant to this Honorable Court's precedent of *In Re: MJS Las Croabas Properties, Inc.*, 530 B.R. 25 (DPR 2015) (Hon. Enrique S. Lamoutte)[2], where this same Court recognized its authority to impose sanctions in the form of reasonable expenses and attorney's fees. The Order dismissing the case was issued and entered on April 21, 2020 (Docket No. 58), after Debtor apprised the Court that he no longer had an interest in continuing with the case. The Puerto Rico Land Administration respectfully submits that this Honorable Court should impose sanctions in the form of reasonable costs and attorney's fees as a result of Debtor having engaged in frivolous, bad faith, vexatious litigation.
>
> The Puerto Rico Land Administration is seeking attorney's fees at a rate below the prevailing market rates, which is the rate that the Puerto Rico Land Administration, a public corporation with budgetary limitations, is charged for the work performed by the undersigned counsel.

The court clarifies that the case was not dismissed because the debtor "apprised the Court that he no longer had an interest in continuing with the case." The case was dismissed upon the chapter 12 trustee's motion to dismiss, which was not timely opposed by the debtor or any other party in interest. This matter was addressed after the dismissal order was entered in the motion filed on May 18, 2020, opposing the PRLA request for sanctions, wherein the debtor stated:

> On March 11th, 2020 (Doc.#55) the Chapter 13 Trustee filed a Motion Requesting the Dismissal of this case. Upon receipt of the Trustee's motion, debtor and the undersigned attorney discussed the current state of his business affairs, as well as the viability of producing the documents that had been requested by the Trustee. At said moment, debtor informed the undersigned that considering the Executive Order issued by the Governor as well as the current economic conditions due to the COVID-19 Pandemic, he would not be able to comply with all the Trustee's requirements and present a viable business plan. This left debtor with no other alternative but to make the difficult decision of allowing the instant case to be dismissed and begin the grim process of pursuing other means of making a living.

The PRLA alleges that the debtor's procedural conduct was a strategy aimed at derailing the eviction proceedings and that the debtor had misrepresented the court that the lease contract was in effect until February 2025. This conduct, allegedly, is frivolous, vexatious and in bad faith.

---

[2] Affirmed.  In re MJS Las Croabas Properties, Inc., 545 B.R. 401 (1st Cir. BAP 2016).

-5-

The debtor opposed the motion for sanctions alleging that the PRLA misrepresents the judicial record. Debtor states that the actions taken on this case to stay the eviction process are based on caselaw regarding the unilateral cancellation of a non-residential lease, which is not the same as an expiration of a lease. Debtor asserts that the court's orders prevented the debtor from presenting this precedent to the court. The court agrees. The debtor also detailed the difference between a terminated lease and an expired lease as the PRLA has relied in equating the two. The court agrees. In fact, this intermingling of the concepts of terminated lease and expired lease led the court to incorrectly state in this case that an "expired" lease may not be assumed. The debtor further addresses the reasons for the non-payment of the lease while remaining in the property. Ultimately, the debtor concludes that the PRLA has not met the standard for the imposition of sanctions.

After considering the travel of the case, and the allegations in the motions related to the request for sanctions based on frivolous, vexatious and bad faith conduct, the court concludes that the PRLA has not met its burden to show that debtor's or debtor's counsel's conduct is frivolous, vexatious or in bad faith. The PRLA has obtained prompt favorable rulings on all matters related to the assumption of the lease and the surrender of the property. That it has not taken the action in the Puerto Rico courts as directed by this court and being the result of the dismissal of the case, does not warrant a finding of sanctionable conduct. In fact, what appears to be the goal of continuing to prosecute the matter in this court after the dismissal of the case is the lockdown of the Puerto Rico courts. Also, the request for attorney's fees as a sanction, as stated in the motion for sanctions may be prompted by the PRLA "budgetary limitations" and not by sanctionable conduct by debtor's attorney.

Conclusion

In view of the foregoing, the request for sanctions filed by the PRLA is hereby denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of October 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge